UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI, :
 :
     Plaintiff :
 :
  v. : CIVIL NO. 3:CV-04-2494
 :
DIRECTOR OF BUREAU OF PRISONS, : (Judge Kosik)
et al., :
 :
     Defendants

## M E M O R A N D U M

**Introduction**

Kevin Razzoli, an inmate currently confined at the Federal Correctional Institution at Allenwood (FCI-Allenwood), Pennsylvania, originally filed this civil rights action pursuant to 28 U.S.C. § 1331 in the United States District Court for the District of Columbia. The matter was transferred to this court on November 10, 2004 pursuant to 28 U.S.C. § 1404(a). Plaintiff alleges that defendants, who include Bureau of Prisons officials as well as employees at FCI-Allenwood and the Commissioner of the United States Parole Commission, caused him to be placed in the Special Housing Unit at FCI-Allenwood in retaliation for his exercise of his First Amendment right to access to the courts. In this Memorandum the court will address plaintiff's "Request for Emergency Hearing Pursuant to Writ of Mandamus" (Doc. 3) and amendment thereto (Doc. 8), as well as his "Motion for Preliminary Injunction" (Doc. 21). For the reasons

that follow, the motions will be denied.

**Background**

Plaintiff alleges that on August 10, 2004, defendant Dewey and other Bureau of Prisons agents instructed Officer Stoner and six (6) other officers to place him in the Special Housing Unit based upon the false charge of "threatening bodily injury." Plaintiff claims that defendants refuse to honor an April 22, 2004 signed agreement for his release on parole and deliberately placed him in the SHU in retaliation for exercising his right to access to the courts. He argues that this was not the first time defendants created false charges against him to intentionally keep him in prison and thwart his release on parole. Plaintiff states that he has been confined in administrative segregation well beyond his release date of September 28, 2004, and that his confinement is continually extended by defendants without cause.

**Discussion**

    **A.**    **Motion for Emergency Hearing (Docs. 3, 8)**

In his motion plaintiff first requests that this case be assigned to United States District Judge Edwin Kosik. He further requests that Judge Kosik schedule an immediate hearing to resolve the issues in his complaint based upon his allegations that he is illegally being confined in prison by defendants. He again cites to the expedited revocation agreement he signed in April of 2004, and the Bureau of Prisons refusal to release him to a halfway house.

The instant case has been assigned to the desired judge and therefore this request by plaintiff is now moot. With regard to his request for an immediate hearing, any such demand on

plaintiff's part at this juncture is not warranted for the following reasons.  First, in requesting an immediate hearing, plaintiff seeks to expedite a resolution on the merits of his underlying claims which are presently pending before the court in this action.  Any such request is premature in that the request was made at the time the action was filed, before the complaint was screened and served.  Defendants had not had an opportunity to respond to the complaint and file appropriate motions.  At this time there are pending in this action motions for summary judgment which will be addressed by the court in due course.

Furthermore, the underlying basis upon which plaintiff premises his entitlement to an immediate hearing on the merits of this action is his contention that defendants are illegally holding him in prison.  It is well established that a constitutional cause of action for damages cannot accrue for an allegedly unconstitutional conviction or imprisonment until the plaintiff proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477 (1994).  In the instant action, plaintiff bases his argument for damages upon allegations that he is being illegally confined by defendants, allegations which have not yet been substantiated.  There has not yet been any declaration by any court via a successful habeas corpus petition that plaintiff's current incarceration is improper.[1]  As such, any hearing

---

[1] At approximately the same time the above matter was transferred to this court, plaintiff filed a habeas corpus action here challenging his present confinement on the grounds discussed in the pending complaint.  See Razzoli v. FCI-Allenwood, et al., Civil No. 3:04-CV-2495 (M.D. Pa.)(Kosik, J.).  The habeas matter is presently pending before the court for

3

on the civil rights claims at this juncture is not warranted.[2]

### B. Motion for preliminary injunction (Doc. 21)

Plaintiff essentially argues that defendants have improperly confined him past his parole release date and requests compensatory and punitive damages. In his motion for preliminary injunctive relief, he requests the court: (1) to freeze the assets of defendants to insure their payment of damages; (2) order defendants to stop delaying his mail; (3) order defendants to stop retaliating against him for exercising his right of access to the courts; (4) order defendants to stop fabricating incident reports; and (5) direct defendants to honor his court ordered parole release date. Plaintiff requests that the court order his release to a halfway house, order all references to an arrest warrant by the Bronx District Attorney's Office removed from his file and direct the return of his legal materials.

In determining whether to grant a motion seeking preliminary injunctive relief, the Third Circuit has delineated the following four factors: (1) a reasonable likelihood of success on the merits; (2) that irreparable harm will result if the court denies relief; (3) that even greater harm will not befall the non-moving party if the court should grant relief; and (4) that granting preliminary relief will be in the public interest. Forum For Academic and Institutional Rights v. Rumsfield, 390 F.3d 219, 228 (3d Cir. 2004); S & R Corp. v. Jiffy Lube Intern., Inc., 968 F.2d

---

consideration.

[2] On January 21, 2005, the Third Circuit Court of Appeals issued an order denying a petition for writ of mandamus filed by plaintiff (Doc. 20) wherein he sought an expedited hearing before the Third Circuit on his pending claims.

4

371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197-98 (3d Cir. 1990).  The moving party bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. Civ. A. 9306120, 1993 WL 483166 at *1 (E.D. Pa. Nov. 24, 1993).

Having reviewed the record in light of the standard articulated above, the court concludes that injunctive relief is unwarranted.  Specifically, the court finds that plaintiff first fails to demonstrate his likelihood of success on the merits.  While he alleges that he has been improperly placed in the SHU based upon his exercising of a constitutionally protected right, there is evidence that he was placed there for his inappropriate behavior toward defendant Dewey.  There is also evidence that plaintiff was sanctioned for his behavior following a disciplinary hearing wherein he received due process.  Further, the court finds that plaintiff has failed to establish that he will suffer irreparable harm if the court denies relief.  The "requisite feared injury or harm must be irreparable - - not merely serious or substantial," and must be of such a nature that money cannot atone for it.  Campbell Soup Co., v. ConAgra, Inc., 977 F.2d 89, 91-92 (3d Cir. 1992.)  In the instant case, plaintiff seeks damages for defendants actions in placing him in the SHU.  To the extent he seeks his release on parole, he is presently pursuing said relief in the habeas corpus action he has pending before this court.  As such, his motion for preliminary injunctive relief will be denied.  An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI, :
:
    Plaintiff :
:
  v. : CIVIL NO. 3:CV-04-2494
:
DIRECTOR, BUREAU OF PRISONS, : (Judge Kosik)
et al., :
:
    Defendants

# O R D E R

    **NOW, THIS 13th DAY OF OCTOBER, 2005,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's "Request for Emergency Hearing Pursuant to Writ of Mandamus" (Doc. 3) is **denied**.

2. Plaintiff's "Motion for Preliminary Injunction" (Doc. 21) is **denied**.

                                                              s/Edwin M. Kosik
                                                        United States District Judge